Jonathan D. Miller (SBN 220848)
jonathan@nps-law.com
Alison M. Bernal (SBN 264629)
alison@nps-law.com
NYE, PEABODY, STIRLING, HALE &
MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

Brian D. Penny
penny@gskplaw.com
Douglas J. Bench, Jr.
bench@gskplaw.com
GOLDMAN SCARLATO KARON &
PENNY P.C.
101 East Lancaster Ave., Suite 204
Wayne, Pennsylvania 19087
Telephone: (484) 342-0700

John Zaremba
jzaremba@zbblaw.com
Robert Corbett
rcorbett@zbblaw.com
ZAREMBA BROWNELL &
BROWN, PLLC
40 Wall Street, 27th Floor
New York, New York 10005
Telephone: (212) 400-7224

*Attorney for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON WEINTRAUB, on behalf of himself and all others similarly situated, | CASE NO.: |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| PHARMAVITE LLC, | |
| Defendant. | **Jury Trial Demanded** |

Plaintiff Myron Weintraub (hereinafter, "Plaintiff") brings this Class Action Complaint against Defendant Pharmavite LLC ("Pharmavite" or "Defendant") individually and on behalf of a proposed Class, including subclasses, as defined herein. Plaintiff alleges the following upon information and belief, except for those allegations that pertain to Plaintiff, which are based on his personal knowledge:

///

///

1

CLASS ACTION COMPLAINT

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

# I.
## NATURE OF THE ACTION

1.      Pharmavite manufactures, markets, sells, and distributes five versions of vitamin E supplements. On all vitamin E packages, Defendant represents the product "helps maintain a healthy heart." However, numerous double-blind, placebo-controlled studies demonstrate that vitamin E and vitamin E supplementation offer no cardiovascular benefit. Vitamin E does not reduce the risk of suffering a cardiovascular event, such as a heart attack, nor does it reduce the risk of dying from cardiovascular disease. There are no comparable, scientifically valid studies supporting Defendant's representation.

2.      Defendant's heart health representation is false, misleading, and reasonably likely to deceive the public.

3.      As a result of Defendant's heart health misrepresentation, consumers, including Plaintiff and members of the proposed Class, have purchased products that do not perform as advertised.

4.      Plaintiff brings this action on behalf of himself and all other similarly situated consumers who purchased Defendant's vitamin E products to enjoin Defendant's false and deceptive advertising and to recover monetary redress for Defendant's violation of state consumer protection statutes and restitution as alleged herein.

# II.
## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Diversity of citizenship exists between Plaintiff and the Class Members, on the one hand, and Defendant, on the other, and the amount in controversy is greater than $75,000.

6.      This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2).  The proposed class has more than 100 members, the class

2

1   contains of at least one member of diverse citizenship from Defendant, and the
2   amount in controversy exceeds $5 million.

3        7.      This Court has personal jurisdiction over Defendant Pharmavite
4   because it is domiciled in the State of California and regularly transacts business
5   within the State of California.

6        8.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1)
7   because Pharmavite is headquartered within this District.

### III.

### PARTIES

9        9.      Defendant Pharmavite LLC is a limited liability company organized
10  and existing under the laws of the State of California. Defendant is headquartered at
11  8510 Balboa Boulevard, Mission Hills, California. Defendant is a wholly-owned
12  subsidiary of Otsuka Pharmaceutical Company.

14       10.     Plaintiff Myron Weintraub is a resident and citizen of New York.
15  During the Class Period, Plaintiff was exposed to Defendant's misleading
16  packaging, specifically those statements regarding the product's "heart health"
17  benefits. Prior to making his purchases, Plaintiff read and reviewed the
18  representation regarding heart health made on the product packing and, in reliance
19  upon those statements, Plaintiff purchased Nature Made Vitamin E for many years
20  at the Costco in Nanuet, New York, believing it would provide the promised heart
21  health benefits.  As a result of his purchases, Plaintiff suffered injury in fact and lost
22  money. Had Plaintiff known the truth about Defendant's misrepresentations and
23  omissions, he would not have purchased Defendant's product.

### IV.

### FACTUAL ALLEGATIONS

26       11.     Pharmavite is a wholly owned subsidiary of Otsuka Pharmaceutical
27  Company, a Japanese corporation. According to Defendant's website, its Nature
28  Made brand is the top-selling brand of vitamins in the U.S.

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

3

12.     Defendant's Nature Made vitamin E products include: (1) Natural Vitamin E 400 IU d-Alpha; (2) Vitamin E IU dl Alpha; (3) Vitamin E 400 I.U. Water Solubilized; (4) Vitamin E 1000 IU dl Alpha; and (5) Vitamin E 200 IU dl Alpha.

13.     Defendant's Nature Made vitamin E products are sold at pharmacies (including CVS, Walgreens, and Rite-Aid), grocery stores, and retailers (including Wal-Mart) across the country. Based upon the quantity and product variety, Defendant's vitamin E products generally sell for between $13 and $30.

14.     According to Defendant's labels, each version of its vitamin E products "helps maintain a healthy heart." Defendant's vitamin E products and deceptive labels are pictured below:

  

 

CLASS ACTION COMPLAINT

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

15.     By marketing vitamin E products in this way, Defendant misleads consumers to believe these products protect consumers' hearts and/or reduce consumers' risk of heart disease.

16.     The overwhelming majority of scientific studies find **no** "heart health" benefit to taking vitamin E supplements. The following have been published and are readily available to Defendant.

(a)     Fortmann, S.P., Burda, B.U., Senger, C.A. et al., Vitamin and Mineral Supplements in the Primary Prevention of Cardiovascular Disease and Cancer: An Updated Systemic Evidence Review for the U.S. Preventative Services Task Force, 159 ANN. INT. MED. 824, 827-29 (2013) (meta-analysis finding no cardiovascular benefit to vitamin E supplementation) (Ex. A).

(b)     Sesso, H.D., Buring, J.E., Christen, W.G. et al., *Vitamins E and C in the Prevention of Cardiovascular Disease in Men: The Physicians' Health Study II Randomized Controlled Trial*, 300 (18) JAMA 2123 (2008) (finding no reduction in the risk of cardiovascular events associated with vitamin E supplementation among a sample of male physicians over age 50) (Ex. B).

(c)     Lee, I., Cook, N.R., Gazianno, J.M. et al., Vitamin E in the Primary Prevention of Cardiovascular Disease and Cancer. The Women's Health Study: A Randomized Controlled Trial, 294(1) JAMA 56 (2005) (finding no evidence of any cardiovascular benefit among a sample of 39,876 women over age 45 who had taken 600 iu of "natural-source vitamin E" every other day for an average of 10 years) (Ex. C).

(d)     Lonn, E., Bosch, J., Yusuf, S. et al., *Effects of Long-term Vitamin E Supplementation on Cardiovascular Events and Cancer: A Randomized Controlled Trial*, 293(11) JAMA 1338 (2005)

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

5

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1    (finding that daily dose of vitamin E among subjects age 55 or

2    older with vascular disease or diabetes did not reduce the

3    likelihood of major cardiovascular events and also finding those

4    taking vitamin E had higher rates of heart failure and were more

5    likely to be hospitalized for heart failure) (Ex. D).

6    (e)    Miller III, E.R., Pastor-Barriuso, R., Dalal, D. et al., *Meta-*

7    *Analysis: High-Dosage Vitamin E Supplementation May*

8    *Increase All-Cause Mortality*, 147 ANN. INTERN. MED. 37 (2005)

9    (finding an increase in mortality that progressively increased as

10   daily dosage exceeds 150 iu) (Ex. E).[1]

11   (f)    Shekelle, P.G., Morton, S.C., Jungvig, L.K et al., *Effect of*

12   *Supplemental Vitamin E for the Prevention and Treatment of*

13   *Cardiovascular Disease*, 19 J. GEN INTERN. MED. 380 (2004)

14   (meta-analysis concluding there is "good evidence" that vitamin

15   E supplementation does not beneficially affect cardiovascular

16   outcomes) (Ex. F).

17   (g)    H.O.P.E. Study Investigators, *Vitamin E Supplementation and*

18   *Cardiovascular Events in High Risk Patients*, 342 N. ENGL. J.

19   MED. 154 (2000) (finding "no apparent effect on cardiovascular

20   outcomes" in subjects at high risk for cardiovascular disease who

21   supplemented with 400 iu of vitamin E per day for an average for

22   4.5 years) (Ex. G).

23   ///

24   ///

25

26

27   [1] All variations of Defendant's vitamin E products exceed the 150 iu level shown to increase mortality in this study, with the lowest dose being 200 iu. All variations vastly exceed the Recommended Dietary Allowance, as demonstrated by Defendant's labels. The lowest dose of 200 iu is listed as 667% of the RDA.

28

6

CLASS ACTION COMPLAINT

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

17.　　Studies finding any benefit to consuming vitamin E are generally either epidemiological, flawed, or are findings that occurred by chance, as would be the case in 1/20 studies utilizing a 95 percent confidence level.

18.　　As a result, Plaintiff was misled by Defendant's statements to believe its vitamin E products would reduce his risk of heart disease when they do not.

19.　　Consumers' concerns about cardiovascular disease are well founded. According to the U.S. Centers for Disease Control and Prevention:[2]

(a)　Approximately 600,000 people die of heart disease in the U.S. each year;

(b)　Heart disease is the leading cause of death for both men and women;

(c)　Each year, approximately 715,000 Americans suffer a heart attack; and

(d)　The annual cost of healthcare services, medications, and lost productivity as a result of heart disease has been calculated to be $108.9 billion.

20.　　Defendant has preyed upon these legitimate health concerns by misrepresenting to consumers that its vitamin E products help maintain a healthy heart when they do not.

21.　　The aforementioned misrepresentation is especially compelling when combined with smaller print misrepresentation on the back of Defendant's vitamin E bottles, vitamin E "…helps maintain red blood cells and muscle tissues such as cardiac and skeletal muscles."

22.　　As a result of Defendant's deceptive marketing, Plaintiffs and other consumers suffered injury in fact and lost money or property.

///

[2] www.cdc.gov/heartdisease/facts.htm (accessed January 22, 2014).

7

CLASS ACTION COMPLAINT

23.     Consumers, including Plaintiff and the Class, purchased Nature Made vitamin E products that were represented to "help[] maintain a healthy heart" when they do not.

24.     Plaintiffs and other consumers will continue to suffer injury as a result of Defendant's ongoing misrepresentations.

25.     No FDA regulation requires Defendant to label its vitamin E products as "help[ing] maintain a healthy heart."

26.     Defendant would not violate any FDA regulation if it removed the heart health misrepresentation.

27.     State laws requiring Defendant to refrain from false, deceptive, and misleading advertising do not impose a burden that exceeds or contradicts FDA regulations.

## V.

## CLASS ALLEGATIONS

28.     Plaintiff Weintraub brings this action as a class action on behalf of himself and the Class (the "Class") consisting of:

> All persons and entities residing in the United States who, at anytime within the applicable statute of limitations (the "Class Period"), purchased any variety of Nature Made vitamin E bearing the "helps maintain a healthy heart" label.

29.     Plaintiff Weintraub also brings this suit as a class action on behalf of the following subclass ("New York State Subclass"):

> All persons and entities residing in the State of New York who, at any time within the applicable statute of limitations (the "New York Subclass Period"), purchased any variety of Nature Made vitamin E bearing the "helps maintain a healthy heart" label.

30.     The Class and each subclass satisfy the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rule of Civil Procedure 23(a) and (b)(3).

///

CLASS ACTION COMPLAINT

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

31.     The members of the Class and each subclass are so numerous that joinder of all members is impracticable.  Although the precise number of Class Members is unknown to Plaintiffs at this time and can be determined only by appropriate discovery, it is reasonably estimated that the Class (and each of the subclasses) consist of at least thousands of members.

32.     Plaintiff is a purchaser of Nature Made vitamin E products and has been subjected to Defendant's deceptive and misleading course of conduct, which tricked, misled, and significantly confused consumers.  Plaintiff is a member of the Class and subclass, and his claims are typical of the claims of the members of the Class and subclasses. The harm suffered by Plaintiff and all other Class Members was and is caused by the same misconduct by Defendant.

33.     Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel, who are experienced in consumer and commercial class action litigation, to further ensure such protection and who intend to prosecute this action vigorously.

34.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the monetary damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein.  If Class treatment of these claims were not available, Defendant would likely continue its wrongful conduct, would unjustly retain improperly obtained revenues, and/or would otherwise escape liability for its wrongdoing as asserted herein.

35.     Common questions of law and fact exist as to all members of the Class, which predominate over any questions that may affect individual Class Members. Among the questions of law and fact common to the Class and subclasses are the following:

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

(a)   whether Defendant deceived and misled consumers with its marketing and labeling of Nature Made vitamin E;

(b)   whether Defendant misrepresented its vitamin E products helping to maintain a healthy heart;

(c)   whether Defendant violated California Business and Professions Code 17500, *et seq*;

(d)   whether Defendant violated California Business and Professions Code 17200, *et seq.*;

(e)   whether Defendant violated California Civil Code § 1750, *et seq.*;

(f)   whether Defendant violated New York General Business Law § 349;

(g)   whether Defendant's misleading advertising and packaging were material to reasonable consumers;

(h)   whether Defendant received a benefit from Plaintiff and Class Members and whether it would be unjust for Defendant to retain such benefits; and

(i)   the appropriate measure of damages or other relief to which Plaintiff and the Class Members are entitled.

36.   Information relating to Nature Made vitamin E sales is available from Defendant's books and records.

37.   Plaintiff is not aware of any difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

38.   The prosecution of separate actions by individual Class Members would run the risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

10

CLASS ACTION COMPLAINT

1    39.    Defendant has acted or refused to act on grounds generally applicable

2   to the Class, thereby making appropriate final injunctive relief or corresponding

3   declaratory relief with respect to the Class as a whole.

**VI.**

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(California False Advertising Law –**
**Cal. Bus. & Prof. Code § 17500, *Et Seq.***
**On Behalf Of The Class)**

9    40.    Plaintiff incorporates by reference and reasserts each allegation

10  contained in Paragraphs 1 through 39 and further alleges as follows:

11    41.    Defendant engaged in unlawful conduct under California Business &

12  Professions Code § 17500, *et seq.*, by marketing vitamin E to consumers as helping

13  to maintain a healthy heart, leading consumers to believe Defendant's products

14  reduce cardiovascular disease risks when they do not.  Plaintiff and the Class

15  reasonably relied upon Defendant's material representations and/or omissions made

16  in violation of California Business & Professions Code § 17500, *et seq.*

17    42.    Plaintiff is not challenging any statement on Defendant's labels

18  required by the FDA.

19    43.    Defendant's conduct with respect to the promotion and marketing of its

20  vitamin E products, via its false or misleading advertising and packaging constitutes

21  an unconscionable commercial practice, deception, fraud, false pretense, and/or

22  misrepresentation of material facts.

23    44.    As a direct and proximate result of Defendant's violations, Plaintiff and

24  the Class purchased vitamin E products that do not possess the properties advertised

25  and, therefore, suffered injury in fact and lost money.

26    45.    Plaintiff is informed and believes that as a further direct and proximate

27  result of the marketing described above, Defendant has received from members of

28  the Class, money obtained through its violation of California Business &

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

11

**CLASS ACTION COMPLAINT**

1  Professions Code § 17500, *et seq*., which Defendant continues to hold for its sole

2  benefit.

3        46.    Accordingly, Plaintiff, on behalf of himself and all others similarly

4  situated, seeks equitable relief in the form of an order requiring Defendant to refund

5  to Plaintiff and Class Members all monies they paid for Nature Made vitamin E

6  products and, in addition, an order requiring Defendant to cease portraying any

7  variation of vitamin E as helping to maintain a healthy heart.

8  

**SECOND CAUSE OF ACTION**
**(California Unfair Competition Law –**
9  **Cal. Bus. & Prof. Code§ 17200, *Et Seq*.**
**On Behalf Of The Class)**

10

11        47.    Plaintiff incorporates by reference and reasserts each allegation

12  contained in Paragraphs 1 through 46 and further allege as follows:

13        48.    Defendant engaged in unlawful conduct under California Business &

14  Professions Code § 17200, *et seq*., by falsely marketing vitamin E to consumers as

15  helping to maintain a healthy heart, leading consumers to believe Defendant's

16  products reduce cardiovascular disease risks when they do not.

17        49.    Plaintiffs are not challenging any statement on Defendant's labels

18  required by the FDA.

19        50.    Defendant's conduct is unlawful in that it violates the False Advertising

20  Law, California Business & Professions Code § 17500, *et seq*.

21        51.    Defendant's conduct is unfair in that it offends established public

22  policy or is immoral, unethical, oppressive, unscrupulous, unconscionable, or

23  substantially injurious to Plaintiff and members of the Class. The harm to each

24  arising from Defendant's conduct outweighs any legitimate benefit Defendant has

25  derived from the conduct.

26        52.    The facts not disclosed by Defendant to Plaintiff are material in that a

27  reasonable consumer would have considered them important in deciding whether or

28  not to purchase Nature Made vitamin E.  Had Plaintiffs and Class Members known

12

CLASS ACTION COMPLAINT

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

1    Defendant's vitamin E products do not reduce their risk of cardiovascular disease,

2    they would not have purchased Nature Made vitamin E or would have paid

3    considerably less for their purchases.

4        53.    Defendant's misrepresentations and omissions are likely to mislead a

5    reasonable consumer.

6        54.    Plaintiffs relied on Defendant's misrepresentations and omissions.

7        55.    Defendant's conduct with respect to the promotion and marketing of

8    Nature Made vitamin E, via its false or misleading advertising and packaging

9    constitutes an unconscionable commercial practice, deception, fraud, false pretense,

10    and/or misrepresentation of material facts.

11        56.    Plaintiff relied on Defendant's materially misleading marketing.

12        57.    As a direct and proximate result of Defendant's violations, Plaintiff

13    would not have otherwise purchased Nature Made vitamin E, or would have paid

14    less, and therefore, suffered injury in fact and lost money.

15        58.    Plaintiff, on behalf of himself and members of the Class, seeks

16    reimbursement of monies paid for Nature Made vitamin E. Additionally, Plaintiff

17    seeks equitable and injunctive relief on behalf of himself and the Class pursuant to

18    Cal. Business & Professions Code § 17203.

19                  **THIRD CAUSE OF ACTION**

**(Violation Of California Consumer Legal Remedies Act,**

20    **California Civil Code § 1750, *Et Seq.***

**On Behalf Of The Class)**

21

22        59.    Plaintiff incorporates by reference and reasserts each allegation

23    contained in Paragraphs 1 through 58 and further allege as follows:

24        60.    Plaintiff brings this cause of action on behalf of himself and all other

25    members of the Class.

26        61.    Defendant is a "person" as defined by California Civil Code § 1761(c).

27        62.    Plaintiff and members of the Class are "consumers" within the meaning

28    of California Civil Code § 1761(d).

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

13

CLASS ACTION COMPLAINT

63.     Plaintiff has complied with the notice provisions of the California Consumer Legal Remedies Act ("CLRA") and is therefore entitled to seek damages. Defendant has failed to provide appropriate relief for its violations of the CLRA. Therefore, Plaintiff seeks monetary, compensatory, statutory, and punitive damages, in addition to injunctive and equitable relief.

64.     Defendant's conduct with respect to the promotion and marketing of vitamin E products, via its false or misleading "helps maintain a healthy heart" representation, violates California Civil Code §§ 1770(a)(2), 1770(a)(5), and 1770(a)(7).

65.     Defendant's unfair and deceptive acts occurred repeatedly and were capable of deceiving a substantial portion of the purchasing public.

66.     The facts not disclosed by Defendant to Plaintiff are material in that a reasonable consumer would have considered them important in deciding whether or not to purchase Nature Made vitamin E or to pay less for that product.  Had Plaintiff and Class Members known Defendant's vitamin E products do not reduce their risk of cardiovascular disease, they would not have purchased Nature Made vitamin E or would have paid considerably less for their purchases.

67.     Defendant has represented its vitamin E products as possessing properties they do not have, i.e., the ability to help consumers maintain healthy hearts.

68.     Defendant labeled and advertised Nature Made vitamin E with the intent to sell a product that does not, in fact, provide any cardiovascular benefit.

69.     Defendant's misrepresentations and omissions are likely to mislead a reasonable consumer.

70.     Plaintiff relied on Defendant's misrepresentations and omissions.

71.     As a direct and proximate result of Defendant's unfair or deceptive acts or practices, Plaintiff and Class Members have suffered and will continue to suffer actual damages.

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

14

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

72.     Plaintiff and Class Members are entitled to equitable relief. Plaintiff seeks an order requiring Defendant to (a) pay damages according to proof; (b) immediately cease the conduct alleged herein; (c) make full restitution of all monies wrongfully obtained; and (d) disgorge all ill-gotten revenues and/or profits.

### FOURTH CAUSE OF ACTION
#### (Violation Of New York General Business Law § 349
#### On Behalf Of The New York Subclass)

73.     Plaintiff incorporates by reference and reasserts each allegation contained in Paragraphs 1 - 72 and further alleges as follows:

74.     Defendant's actions alleged herein constitute unlawful, unfair, and deceptive business practices. Those actions include misrepresenting that Nature Made vitamin E "helps maintain a healthy heart," leading consumers to incorrectly believe Nature Made vitamin E would reduce their risk of cardiovascular disease or otherwise maintain a healthy heart.

75.     Plaintiff is not challenging any statement on Defendant's labels required by the FDA.

76.     Defendant's conduct constitutes acts, uses and/or employment by Defendant or its agents or employees of deception, unconscionable and unfair commercial practices, false pretenses, false promises, misrepresentations and/or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of goods in violation of Section 349 of New York's General Business Law.

77.     Defendant's deceptive conduct was generally directed at the consuming public.

78.     Defendant's unfair and deceptive trade acts and practices have directly, foreseeably, and proximately caused damages and injury to Plaintiff and other members of the New York State Subclass.

///

15

CLASS ACTION COMPLAINT

79.     Defendant's violations of Section 349 of New York's General Business Law have damaged Plaintiff and other New York State Subclass Members, and threaten additional injury if the violations continue.

80.     Defendant's deceptive conduct has caused harm to New York State Subclass members in that they purchased Nature Made vitamin E when they otherwise would not have or paid more for Nature Made vitamin E than they otherwise would have, absent Defendant's deceptive conduct.

81.     Plaintiff, on his own behalf, and on behalf of the New York State Subclass, seeks damages, injunctive relief, including an order enjoining Defendant's Section 349 violations alleged herein, and court costs and attorneys' fees, pursuant to NY Gen Bus. Law § 349.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment/Restitution**
**On Behalf Of The Class)**

82.     Plaintiff incorporates by reference and reasserts each allegation contained in Paragraphs 1 - 81 and further alleges as follows:

83.     Plaintiff's cause of action for restitution is pled in the alternative to other causes of action asserted herein.

84.     Plaintiffs are not challenging any statement on Defendant's labels required by the FDA.

85.     As a result of Defendant's misconduct in the form of deceptive marketing of its Nature Made vitamin E products as set forth above, Defendant has received a benefit at the expense of Plaintiffs and Class Members that would be unjust for Defendant to retain.

86.     As a result of Defendant's unjust enrichment, Plaintiffs and the Class Members are entitled to restitution in the form of a return of the unjust financial benefit conferred by Plaintiff and Class Members on Defendant.

///

///

16

CLASS ACTION COMPLAINT

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

# VII.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class and/or Subclass, requests the following relief:

A.     An order that this action may be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed representative for the Class and subclass and that Plaintiff's counsel be appointed as counsel for the Class and subclass;

B.     A permanent injunction against Defendant, restraining, preventing and enjoining Defendant from engaging in the illegal practices alleged;

C.     An order requiring Defendant to disgorge the profits wrongfully obtained through the use of its illegal practices;

D.     Actual damages;

E.     Statutory damages;

F.     Punitive damages;

G.     An award of attorneys' fees;

H.     An award of the costs of suit reasonably incurred by Plaintiff and his counsel;

I.     An award of interest, including prejudgment interest, at the legal rate, and;

J.     Such other and further relief as the Court deems necessary and appropriate.

///
///
///
///
///
///

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

CLASS ACTION COMPLAINT

Dated: April 25, 2014

NYE, PEABODY, STIRLING, HALE & MILLER, LLP


By: _____

Jonathan D. Miller
Alison M. Bernal
NYE, PEABODY, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

Brian D. Penny
Douglas Bench
GOLDMAN SCARLATO KARON & PENNY P.C.
101 East Lancaster Ave., Suite 204
Wayne, Pennsylvania 19087
Telephone: (484-342-0700

John Zaremba
Robert Corbett
ZAREMBA BROWNELL & BROWN, PLLC
40 Wall Street, 27th Floor
New York, New York 10005
Telephone: (212) 400-7224

18

CLASS ACTION COMPLAINT

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury of all claims so triable in the above referenced matter.

Dated: April 25, 2014

NYE, PEABODY, STIRLING, HALE & MILLER, LLP

By: _____

Jonathan D. Miller
Alison M. Bernal
NYE, PEABODY, STIRLING, HALE & MILLER, LLP
33 West Mission Street, Suite 201
Santa Barbara, California 93101
Telephone: (805) 963-2345
Facsimile: (805) 563-5385

Brian D. Penny
Douglas Bench
GOLDMAN SCARLATO KARON & PENNY P.C.
101 East Lancaster Ave., Suite 204
Wayne, Pennsylvania 19087
Telephone: (484-342-0700

John Zaremba
Robert Corbett
ZAREMBA BROWNELL & BROWN, PLLC
40 Wall Street, 27th Floor
New York, New York 10005
Telephone: (212) 400-7224

NYE, PEABODY, STIRLING, HALE & MILLER
33 WEST MISSION STREET, SUITE 201
SANTA BARBARA, CALIFORNIA 93101

19

CLASS ACTION COMPLAINT