LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-3218 BRO (FFMx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | MYRON WEINTRAUB V. PHARMAVITE LLC | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS)

## ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION AMOUNT IN CONTROVERSY

A federal court must determine its own jurisdiction even where there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Original jurisdiction may be established pursuant to 28 U.S.C. § 1332(d). Under § 1332(d), a federal district court has jurisdiction over a civil class action in which the class has minimum diversity and more than 100 members and in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

Because Plaintiff Myron Weintraub alleges that he is a citizen of New York and that Defendant Pharmavite LLC is a citizen of California with its principal place of business in California (Compl. ¶¶ 9–10), the Court finds the minimum diversity of citizenship requirement satisfied. It remains unclear, however, whether the amount in controversy exceeds $5,000,000. Plaintiff argues in his Response to this Court's initial Order to Show Cause that the amount-in-controversy requirement is satisfied if Defendant's market share is at least 0.6 percent of the United States market for Vitamin E supplements (Dkt. No. 18 at 4 & n.6), or if Defendant's sales of Vitamin E supplements represent 0.1 percent of its parent company's nutraceutical segment sales over the past three years (Dkt. No. 18 at 4 & n.7). Yet Plaintiff fails to provide any verifiable information supporting these arguments, instead relying on assertions made on Defendant's website as proof that Defendant owns a substantial market share. Nor has Plaintiff explained why he would be unable to provide further information. Without

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 14-3218 BRO (FFMx) | Date | June 3, 2014 |
|---|---|---|---|
| Title | MYRON WEINTRAUB V. PHARMAVITE LLC | | |

more information, it remains unclear whether the Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).

The Court **ORDERS** Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff must respond by June 16, 2014.

**IT IS SO ORDERED.**

: 

Initials of Preparer    rf