Elaine A. Ryan *(Admitted Pro Hac Vice)*
Patricia N. Syverson (203111)
Lindsey M. Gomez-Gray *(Admitted Pro Hac Vice)*
BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
2325 E. Camelback Rd., Suite 300
Phoenix, AZ 85016
eryan@bffb.com
psyverson@bffb.com
lgomez-gray@bffb.com
Telephone: (602) 274-1100
Facsimile: (602) 274-1199

Attorneys for Plaintiffs Myron Weintraub
and Noah Bradach

René P. Tatro (State Bar No. 78383)
Juliet A. Markowitz (State Bar No. 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
renetatro@ttsmlaw.com
jmarkowitz@ttsmlaw.com
Telephone: (213) 225-7171
Facsimile: (213) 225-7151

Attorneys for Defendant Pharmavite, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON WEINTRAUB and NOAH BRADACH, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMAVITE, LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:14-cv-03218-GHK-AGR<br><br>**ORDER ON STIPULATION OF PARTIES RE E-DISCOVERY PROTOCOL ORDER**<br><br>Courtroom: 650<br>Judge: Honorable George H. King |

## **E-DISCOVERY PROTOCOL**

The Court, upon all of the files, records, the parties' stipulation, the proceedings herein and for the reasons stated on the record, now makes and enters the following Order establishing a protocol for the preservation and production of electronically stored information ("ESI").

IT IS HEREBY ORDERED that:

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the plaintiff and defendant in this Action (collectively, the "Parties," and singularly, a "Party"), must comply with the following obligations in this litigation:

**I. Collection and Processing**

    **A. Extraneous Files:** The following categories of electronic files may be excluded from collection, review, and production:

        1. ESI or data with file extensions that typically contain no meaningful user-created data and/or cannot be reviewed in any meaningful format, including but not limited to: ani; bat; c; cab; cfg; class; dll; ex_; exe; fon; hlp; ico; icon; inf; ini; isu; java; jpa; kqp; mpe; ocx; out; pcd; pcx; reg; sfw; sys; tag; ttf; and xp.

        2. Software application files known to contain no meaningful user created data that are listed on the Reference Data Set of the National Software Reference Library, as maintained by the National Institute of Standards and Technology ("NIST").

    **B. De-duplication:** In order to reduce the volume of documents reviewed and produced, the parties may de-duplicate electronic documents within and across custodians or sources. For all non-email electronic documents de-duplicated across custodians, the Custodian and Other Custodians fields shall contain a list of every custodian who possessed a copy of the document.

**II. Format for Production**

    **A. Paper Documents in TIFF:** Production of paper documents will be made as scanned images, provided in single page Group IV TIFF format with endorsed Bates labels and confidentiality designations, pursuant to the protective order to be entered in this case. The producing Party will, to the extent practical, supply an electronic

translation of all text (typewritten or printed) contained on all images (OCR). Said OCR files must be produced as page level text files and be named consistently with its corresponding TIFF files. Custodian information will be provided.

B. **Electronic Documents in TIFF:**

1. Production of e-mails, Word documents, Excel files, PowerPoint, and PDF files will be made in TIFF format with endorsed Bates labels and confidentiality designations, pursuant to the protective order to be entered in this case. For TIFF files generated from electronic documents, the producing Party shall provide extracted text files (OCR files will be provided for redacted documents) named consistently with its corresponding TIFF Files. For those documents with reasonably accessible metadata, the producing Party will provide the metadata and coding fields for each document set forth in Exhibit A.

2. Text from documents originally stored in electronic form other than e-mails, Word documents, Excel files, PowerPoint, or PDF will be provided in TIFF format with endorsed Bates labels and confidentiality designations, pursuant to the protective order to be entered in this case. Custodian or source information will be provided to the extent available. File name will be provided to the extent that it is reasonably accessible electronically.

C. **Technical Specifications for All TIFF Format Files:** All TIFF format files will conform to the following specifications:

1. All TIFF formatted files will be single page, black and white, dithered (if applicable), Group IV TIFF at 300 X 300 dpi resolution and 8 1/2 X 11 inch page size, except for documents requiring different resolution or page size. The requesting Party

|   |   |   |
|---|---|---|
| 1 |   | may request that specific .ppt or .xls files be produced in color. The requesting Party shall bear the additional cost of producing any color files. |
| 2. | A unitization file, in standard format (e.g., Summation .dii or Concordance .opt file) showing the Bates number of each page and the appropriate unitization of the documents, including the beginning and end of each document, must accompany each TIFF production. |
| 3. | The Parties agree that, upon reasonable request, native files of specific spreadsheet documents (that were not redacted for production) will be provided after the requesting Party has had an opportunity to review the TIFF images of the spreadsheet document. After ensuring the preservation of an unaltered copy of a document, the producing Party may, at its discretion, alter the native file to add bates label and confidentiality information to the header or footer portion of the native file prior to its production. The producing Party may not, however, alter the native file in any way that would change, move, or otherwise disrupt any of the information contained in the file. The producing Party's election not to add confidentiality information is in no way a waiver of the confidential status of the document, which can be ascertained by inspecting the TIFF image for the document. The native file will be named in a manner corresponding to the bates number of the first page of the corresponding TIFF document and the native file will be included in the unitization file provided with each production. The requesting Party shall bear the additional cost of producing any native file documents. |

1     **D.**     **E-mail Attachments:** The Parties must produce all files attached to each e-mail they produce to the extent the attachments are relevant, reasonably accessible, and not protected from disclosure by the attorney-client privilege or work-product doctrine. To the extent a Party produces electronic documents attached to e-mails, a Party will produce the metadata for those attached electronic documents as outlined in paragraphs B1 and B2 above.

**III.**     **Privilege Logs:** If a Party withholds responsive ESI based on a claim of privilege, that Party must provide a privilege log in compliance with Fed. R. Civ. Pro. 26(b)(5)(A).

    **A.**     **E-mail:** With respect to email chains, in addition to all other information required to be listed in a privilege log to substantiate a privilege claim, the privilege log must also either:

        1.     include a separate entry for each email in the chain which must include (a) all of the "Author" and "Addressee" fields populated by the person(s) listed in the "From" and "To" lines, respectively in the email for which privileged or protection is claimed, (b) all "Recipients" field listing any additional persons who are listed as recipients in the email (including any copies on the email for which privilege or protection is claimed and any persons whose names appear in the email), and (c) either the subject of or "re" line of each email within the string; or

        2.     include a single entry for an entire email chain to the extent practical and technologically feasible which will include (a) the "Author" and "Addressee" fields populated by the person(s) listed in the "From" and "To" lines, respectively, in the first-in-time email in the chain for which privilege or protection is claimed, (b) with a "Recipients" field listing any additional

persons who are listed as recipients in the email chain (including any copies on the original email for which privilege or protection is claimed and any persons whose names appear in subsequent emails in the chain to the extent those subsequent e-mails are redacted or withheld), and (c) either the subject of or "re" line of the last-in-time email in the chain for which privilege or protection is claimed to the extent that e-mail is redacted or withheld.

Email attachments must be listed in log entries, separate from their cover emails, but in a manner that makes clear which attachments accompany each respective e-mail. Nothing in this Protocol justifies or may result in an entire email string being designated as privileged when other emails within the string do not contain privileged information.

**B.** **Timing of Production:** The Parties agree that a privilege log will be produced no later than forty five (45) days after the Producing Party completes its production of ESI. Because of the de-duplication procedures, a privileged document may be logged only one time, even though it may exist in the files of multiple custodians. Any requested changes in the foregoing timelines will be discussed among the Parties and will not constitute a waiver of any privilege or protection.

**C.** **Production of Related Documents:** If a non-privileged document within the Privilege ESI is related to another document, the producing Party will produce all related documents (in whole and part) which are not privileged (redacting the privileged documents as necessary). The purpose of this section is to minimize the removal of documents from the Production ESI, in order to remove only that part of the document

which is necessary to shield the information subject to the asserted privilege.

    D.    **Post-Litigation Communications with Counsel:** The Parties need not include the communications of the type listed below on a privilege log where the communication occurred after the filing of this action. This section does not excuse the production of non-privileged communications. Rather, it only excuses the recording of certain actually privileged communications on a privilege log.

        1.    Communications amongst outside counsel for the defendant.

        2.    Communications between outside counsel and any employee of the defendant.

        3.    Communications from General Counsel for the defendant, Christine Burdick-Bell, to any employee of Defendant.

        4.    Any communications to any employee of Defendant made at the direction of outside counsel or General Counsel for the defendant.

        5.    Communications between counsel for the Plaintiffs and Plaintiffs.

**IV.**    **Continuing Obligations**

    A.    **Meet and Confer:** To expedite discovery of relevant electronic evidence and reduce costs, the Parties will discuss and attempt in good faith to resolve all issues before bringing them to the Court. This responsibility shall be continuing, unless otherwise ordered by the Court.

    B.    **Additional Agreements:** Prior to the production of any documents, the Parties shall enter a stipulated order relating to the "clawback" of privileged documents. The parties may execute further agreements relating to testing or sampling procedures as appropriate.

      **C.**    **Search Terms:** The parties have met and conferred about the selection of search terms. The agreed upon search terms are attached hereto as Exhibit B.

**V.**    **All Parties:** The obligations created by this stipulated order apply to all Parties to this Action. This Order shall continue in full force and effect until order of the Court or until this litigation is terminated by a final judgment.

Dated: March 13, 2015

*/s/ Alicia G. Rosenberg*
_____
Honorable Alicia G. Rosenberg
United States Magistrate Judge