|   |   |
|---|---|
| 1 | Elaine A. Ryan *(Admitted Pro Hac Vice)*<br>Patricia N. Syverson (203111)<br>Lindsey M. Gomez-Gray *(Admitted Pro Hac Vice)* |
| 2 | BONNETT, FAIRBOURN, FRIEDMAN<br>& BALINT, P.C. |
| 3 | 2325 E. Camelback Rd., Suite 300<br>Phoenix, AZ 850126 |
| 4 | eryan@bffb.com<br>psyverson@bffb.com |
| 5 | lgomez-gray@bffb.com<br>Telephone: (602) 274-1100 |
| 6 | Facsimile: (602) 274-1199 |
| 7 | Attorneys for Plaintiffs Myron Weintraub<br>and Noah Bradach |

**CHAMBER'S COPY**

René P. Tatro (State Bar No. 78383)
Juliet A. Markowitz (State Bar No. 164038)
TATRO TEKOSKY SADWICK LLP
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
renetatro@ttsmlaw.com
jmarkowitz@ttsmlaw.com
Telephone: (213) 225-7171
Facsimile: (213) 225-7151

NOTE CHANGES MADE BY THE COURT.

Attorneys for Defendant Pharmavite, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MYRON WEINTRAUB and NOAH BRADACH, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>PHARMAVITE, LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:14-cv-03218-GHK-AGR<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Courtroom: 650<br>Judge: Honorable George H. King<br><br>NOTE CHANGES MADE BY THE COURT. |
|---|---|

GOOD CAUSE APPEARING THEREFOR, in light of the Stipulation For Entry Of Protective Order by and between Plaintiffs Myron Weintraub and Noah Bradach and defendant Pharmavite, LLC ("Pharmavite"), the Court enters this Protective Order in regard to certain discovery material to be made available by Pharmavite. This discovery material includes trade secrets and confidential,

proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of Pharmavite and/or related corporate entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The parties have stipulated that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. This Protective Order shall govern certain documents, written discovery, and testimony obtained by the parties in connection with pre-trial proceedings in this action.

## I. DEFINITIONS

1. **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any Party or non-party in disclosures or responses to discovery in this matter.

2. **"Confidential" Material**: information (regardless of how generated, stored, or maintained) or tangible things that a Designating Party believes in good faith constitutes or embodies matter used by it in or pertaining to its business, which matter is not generally known and which the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, and any other information that would qualify as Confidential pursuant to the applicable legal standard.

3. **"Highly Confidential–Attorneys' Eyes Only" Material**: certain limited "Confidential" material or information that is competitively sensitive and

constitutes or contains: (1) technical information such as product design, (2) information within the definition of trade secret provided by state or federal law, (3) formulae or source code, (4) research and development information, (5) customer lists, (6) sales, cost, pricing, or other financial information, (7) plans for strategic business initiatives or marketing plans, or (8) any other information that contains the Designating Party's trade secrets or other confidential research, development, or commercial or financial information of an extremely sensitive nature that may cause significant competitive harm to the Designating Party if disclosed to persons other than those described in Section II, Paragraph 7, below.

4.  **Protected Material**: any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

5.  **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who has been approved to receive Protected Material in accordance with Section III, below.

6.  **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

II. **DESIGNATION AND TREATMENT OF PROTECTED MATERIALS**

1.  In order to facilitate production of documents and other discovery in this matter, any Producing Party may, by written notice, or by a statement on the record at a deposition, designate any Disclosure or Discovery Material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (hereinafter "Highly Confidential"), under the terms of this Order.

2.  By designating Disclosure or Discovery Material as "Confidential" or "Highly Confidential" the Designating Party is certifying to the Court that there is a good faith basis in both law and fact for the designation within the meaning of

Federal Rule of Civil Procedure 26(g). Confidential Material shall be so designated by clearly labeling, stamping or otherwise marking the top or bottom of each page of the designated Material with the legend "CONFIDENTIAL" (the "Confidential Legend"), including each page of any electronically produced document. Highly Confidential Material shall be so designated by clearly labeling, stamping or otherwise marking the top or bottom of each page of the designated Material with the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (the "Highly Confidential Legend"), including each page of any electronically produced document. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. In the case of Confidential Information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed on the outside of the medium or its container so as to clearly give notice of the designation.

   3.   Any Party or non-party may also designate testimony or exhibits, or portions thereof, given in deposition or pre-trial proceedings as Confidential Material or Highly Confidential Material, by having its attorney orally designate such testimony or exhibits, or portions thereof, during the proceeding. The deposition or court reporter shall be instructed to clearly mark the designated testimony, and each designated exhibit with the Confidential Legend or Highly Confidential Legend, as appropriate. Alternatively, any Party may designate testimony or exhibits, or any portion thereof, as Confidential Material or Highly Confidential Material by providing written notice to all parties within thirty (30) calendar days following receipt of the transcript, of those portions of the transcript or exhibits which are to be considered Confidential Material or Highly Confidential Material. During this period of review, all transcripts will be

1 automatically designated Highly Confidential, labeled as such and accorded all
2 protections for such material.

3     4.    A Party may designate as "Confidential" or "Highly Confidential" any
4 material produced by a non-party by providing written notice to all parties within
5 thirty (30) calendar days after receiving such material, and providing a copy of the
6 material which the Designating Party has clearly labeled, stamped or otherwise
7 marked with the Confidential Legend or Highly Confidential Legend and the
8 additional words "as designated by [Party]", for example "CONFIDENTIAL as
9 designated by PHARMAVITE, LLC." This Stipulated Protective Order shall not
10 limit the ability of any Party or non-party to voluntarily disclose to others any
11 Protected Material that originates from that Party or non-party.

12     5.    In the event that another Party disagrees with a Party's designation of
13 any document or information as "Confidential" or "Highly Confidential," the
14 objecting Party shall advise counsel for the Designating Party, in writing, of the
15 objection and identify the document or item with sufficient specificity to permit
16 identification. Within twenty (20) days of receiving the objection, the Designating
17 Party shall advise the objecting Party's counsel whether the Designating Party will
18 change the designation of the document or item. If this cannot be resolved
19 between the parties, then the dispute will be presented to the Court by motion or
20 otherwise. During the pendency of any such motion, the designated document or
21 item shall continue to be treated as a stamped "Confidential" or "Highly
22 Confidential" document and subject to the provisions of this Order. On the hearing
23 of any such motion, the burden shall be on the Designating Party to establish that
24 the designated document or item should be deemed "Confidential" or "Highly
25 Confidential."

26     6.    Unless otherwise ordered by the Court or permitted in writing by the
27 Designating Party, the Receiving Party may disclose any information or item
28

designated "Confidential" only to "Qualified Persons," who are defined to consist solely of:

    a.    The Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    b.    The officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving Party or named plaintiff(s), to whom disclosure is reasonably necessary for this litigation;

    c.    Experts (as defined in this Stipulated Protective Order) of the Receiving Party who have been approved in accordance with Section III, below, and their administrative support staff if any, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement And Agreement To Be Bound By Protective Order" (Exhibit A);

    d.    The Court and its personnel;

    e.    Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

    f.    Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this litigation;

    g.    Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

    h.    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

    i.    Any author or recipient of the document or the original source of the information disclosed in the document.

7. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential" only to those persons listed in Paragraph 6, (a),(c) - (i), above.

8. Protected Material shall not be disclosed or furnished to any person pursuant to paragraphs 6(c) and 6(h) unless that person is informed of this Order and has signed the "Acknowledgement And Agreement To Be Bound By Protective Order," appended hereto as Exhibit A. It shall be the obligation of counsel providing the information to a Qualified Person to retain a copy of all agreements executed pursuant to this paragraph until sixty (60) days following the final termination of this litigation.

9. The Parties have agreed that documents produced by Pharmavite in *Bohn v. Pharmavite*, No. 2:11-cv-10430-GHK-AGR, including the documents originally produced by Pharmavite in *Barerra v. Pharmavite*, No. 2:11-cv-04153-CAS-AGRx, and identified in 2 e-mails from Patti Syverson dated February 19, 2015, shall be deemed to have been produced by Pharmavite in this action, and will be subject to the terms of this Confidentiality Agreement.

10. Protected Material must be stored and maintained by the Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to Qualified Person(s) as defined by this Order.

11. The list of Qualified Person(s) to whom Protected Material may be disclosed may be enlarged by written agreement of all counsel of record. If any Party proposes to expand the list of Qualified Person(s), the parties will meet and confer regarding such proposal. If the parties are unable to reach agreement, any Party may bring the issue to the Court for resolution. Pending resolution by the Court, the list of Qualified Person(s) will not be expanded, and no Protected Material may be disclosed to additional person(s).

12. Nothing in this Stipulated Protective Order shall impose any restrictions upon the use or disclosure by a Party or witness of any document, material, or information obtained by such Party or witness independently of the discovery proceedings in this action, whether or not such document, material, or information is also obtained through discovery proceedings in this action.

13. Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not:

    a. Operate as an admission by any Party that any particular document, material, or information contains or reflects currently valuable trade secrets or proprietary commercial information; or

    b. Prejudice in any way the right of a Party to seek a determination by the Court whether any particular document, material, or information should be subject to the terms of this Stipulated Protective Order, such request and determination to be made in accordance with paragraph 5 above; or

    c. Operate as a waiver of any objection of either Party as to the admissibility of a particular document into evidence. Nothing in this Order shall be construed to require any Party to disclose to any other Party any Protected Material, or to prohibit any Party from refusing to disclose Protected Material to any other Party.

14. In the event that any Protected Material is demanded from a Receiving Party by way of subpoena, court order or otherwise, that Receiving Party shall immediately, and in no event more than three (3) court days, notify the Designating Party by telephone and in writing of the demand. The notice given to the Designating Party shall, in all events, be given before any production or disclosure of Protected Material and shall include a copy of the subpoena or court order so as to allow sufficient time for the Designating Party to challenge or resist such production or disclosure.

15. No "Confidential" or "Highly Confidential" document(s) shall be filed with the Court unless counsel secures a Court Order allowing the filing of the document(s) under seal, in compliance with the requirements of Local Rule 5-4.2(b)(3) and 79-5.1, *or unless ordered by the Court.* An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel. If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

16. For any document, paper, exhibit, transcript or other thing filed or lodged with the Court, or any portion thereof ("Record"), containing Confidential Material and/or Highly Confidential Material that the Court finds may be filed under seal, the Party filing such Record with the Court shall comply with the requirements of Local Rule 5-4.2(b)(3) and 79-5.1, including placing the confidential portion in a sealed envelope or other appropriately sealed container, with a label indicating the title of this litigation, the nature of the contents, the Confidential Legend and/or Highly Confidential Legend, and a statement which reads substantially as follows: "THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION [AND/OR] HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION AND IS SEALED PURSUANT TO THE [DATE OF THIS PROTECTIVE ORDER] ORDER OF THE COURT AT THE REQUEST OF [REQUESTING PARTY]. IT IS NOT TO BE OPENED NOR ARE THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED TO ANY PERSONS EXCEPT BY ORDER OF THE COURT OR PURSUANT TO CONSENT OF THE PARTIES CLAIMING CONFIDENTIALITY."

17. The foregoing is without prejudice to the right of any Party: (a) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a

further protective order relating to any Protected Material or relating to any discovery in this litigation; (b) to object to the production of documents it considers not subject to discovery; (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Protected Material beyond the terms of this Order; or (d) to apply to the Court for an order deeming Disclosure or Discovery Material not "Confidential" or "Highly Confidential."

18. If a Producing Party inadvertently or unintentionally produces to a Receiving Party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the Producing Party shall, within fifteen (15) days of the discovery of the inadvertent production, give notice to the Receiving Party in writing of the Producing Party's claim of privilege or immunity from discovery. Thereafter, the Receiving Party shall immediately return to the Producing Party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the Receiving Party. The Receiving Party will be deemed to have notice that material is restricted if the Party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the Producing Party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the Receiving Party disagrees with the Producing Party's claim of privilege or immunity from discovery, then the Receiving Party shall notify the Producing Party within five (5) business days of receipt of the Producing Party's written notice of claim of privilege, and shall set forth the precise grounds upon which the Receiving Party's position rests. If the parties cannot resolve the matter, then the

dispute will be presented to the Court by motion or otherwise. During the pendency of any such motion, the Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

19. If a Producing Party inadvertently or unintentionally produces to a Receiving Party any document or information that the Producing Party failed to designate as "Confidential" or "Highly Confidential," the Producing Party shall, within thirty (30) days of the discovery of the inadvertent production, give notice to the Receiving Party in accordance with the procedure above for reclaiming inadvertently produced privileged documents. The retrieving Party shall re-produce such documents or material, designating them "Confidential" or "Highly Confidential" as described in paragraph 1 above, as soon as possible after retrieval and no later than ten (10) days after retrieval. As used in this Order, an act is "timely" if it does not unduly prejudice another Party.

20. If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately notify in writing the Designating Party of the unauthorized disclosure and use its best efforts to retrieve all copies of the Protected Materials. The Receiving Party shall inform the person or persons to whom the unauthorized disclosures were made of the terms of this Order and request that such person or persons execute the "Acknowledgement And Agreement To Be Bound" (Exhibit A) to maintain the protections for material that was improperly disclosed.

21. All Disclosure or Discovery Materials shall be used solely for the purpose of this litigation. Except by consent of the Producing Party or order of the

Court, such discovery materials shall not be used by any Party other than the Producing Party for any outside purpose, including, without limitation, any outside business or outside commercial purpose. No duplications of documents stamped "Confidential" or "Highly Confidential" shall be made except by counsel to provide working copies and for filing in Court under seal.

22. The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material. All notes, memoranda, reports and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated Protected Materials.

23. The provisions of this Order shall not terminate at the conclusion of this lawsuit. Within 60 days after final conclusion of all aspects of this litigation, documents stamped "Confidential" or "Highly Confidential," and all copies of same (other than exhibits of record) either shall be destroyed or returned to the Producing Party. In the event that documents stamped "Confidential" or "Highly Confidential" are produced in electronic form, or are put into electronic form by the Receiving Party with the consent of the Producing Party, then the Receiving Party shall delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents not more than 120 days after final termination of this litigation.

24. The final determination or settlement of this action as to any or all parties shall not relieve any person who has received Protected Material from the obligations imposed by this Order, and this Court shall retain jurisdiction after such





final determination or settlement to enforce the provisions of this Order. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

25. The Court may modify this Order for good cause, in the interests of justice or for public policy reasons on its own initiative.

### III. EXPERTS AND CONSULTANTS

Prior to disclosing any Protected Material to any outside experts or consultants retained in connection with this litigation who are currently employees, officers, directors, contractors, subcontractors or consultants of any entity that is presently engaged in the research, development, manufacture or sale of any Vitamin E supplement, or any other supplement, that does now or may in the future compete with Defendant, Plaintiff or his counsel shall promptly so notify the Producing Party, including with such notification: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; (iv) a listing of consulting projects undertaken by the expert or consultant within the last four (4) years; and (v) an executed copy of the "Agreement to Be Bound by Protective Order" (Exhibit A); and (vi) a current certification that the expert or consultant is not a current officer, director, contractor or employee of a Party or of a competitor of a Party, nor anticipated at the time of the certification to become an officer, director, contractor, or employee of a Party or a competitor of a Party.

1. Within five (5) business days of receipt of the information described in the paragraph above, the Producing Party may object in writing to the proposed outside expert or consultant for good cause. In the absence of an objection during the five-day period, the person shall be deemed approved under this Stipulated Protective Order. If objection to disclosure is made within the time required, the parties shall meet and confer via telephone or in person within five (5) business days following the objection and attempt in good faith to resolve the dispute on an

1 | informal basis. If the dispute is not resolved, the Party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the expert or consultant in question until the objection is resolved by the Court.

      2.    For purposes of this section, "good cause" shall include, but not necessarily be limited to, an objectively reasonable concern that the expert or consultant, or someone associated therewith, will, advertently or inadvertently, use or disclose confidential information outside of this litigation, or constitute an unreasonable risk thereof. Experts or consultants authorized to receive Protected Material under this section shall not be a current officer, director, contractor or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, contractor, or employee of a Party or a competitor of a Party.

      3.    The parties agree that the terms of Section III are subject to revision as this litigation proceeds. The parties shall meet and confer in good faith as to any proposed revision(s) in this Section. Any revisions to this Order shall be effective only upon entry by the Court of a modified stipulated protective order.

**IT IS SO ORDERED.**

Dated: March 13, 2015

*Alicia G. Rosenberg*
The Honorable Alicia G. Rosenberg
United States Magistrate Judge

Executed on _____, 201\_\_, at [CITY AND STATE].

Signature: _____