E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

| Presiding: The Honorable | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** Pharmavite LLC's Motion for Judgment on the Pleadings [Dkt. 153]

  This matter is before us on Defendant Pharmavite LLC's ("Defendant" or "Pharmavite") Motion for Judgment on the Pleadings ("Motion"). We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.   Background**

  Defendant Pharmavite LLC ("Defendant" or "Pharmavite") manufactures and nationally distributes various dietary supplements under the brand name "Nature Made." (Third Consolidated Amended Class Action Complaint ("TAC") ¶¶ 1, 14.) Among the dietary supplements that Defendant manufactures are vitamin E supplements, which it produces in multiple sizes and doses. (*Id.* ¶¶ 14-15.) Nearly every major food, drug, and mass retail outlet store in the country sells Defendant's vitamin E supplements. (*Id.* ¶ 15.)

  The front label of each bottle of Defendant's vitamin E supplements prominently bears the statement "Helps Maintain a Healthy Heart" (the "Statement"). (*Id.* ¶ 16.) This Statement is also presented less conspicuously on each bottle's back label. (*Id.* ¶ 30.) Also on the back of the bottle is the statement "[t]hese statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease." (*Id.* ¶¶ 4, 30, fig. "Back.") Plaintiffs Noah Bradach and Laura Corbett (collectively, "Plaintiffs") allege that they viewed the Statement on Defendant's vitamin E supplements and purchased at least one bottle of the supplements in reliance on this statement. (*Id.* ¶ 12.) However, Plaintiffs assert that the vitamin E supplements they purchased "did not and could not" help maintain their heart health as represented because "the vast weight of scientific evidence and the consensus in the scientific community is that Vitamin E supplements do not provide any heart health benefits." (*Id.*)

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

The operative TAC brings the following two claims rooted in the alleged falsity of the "Helps Maintain a Healthy Heart" Statement: (1) violation of California's unfair competition law ("UCL"), and (2) violation of California's Consumer Legal Remedies Act ("CLRA"). On November 9, 2015, Defendant filed the instant Motion, which alleges that dismissal of the TAC is proper under Federal Rule of Civil Procedure 12(c) because both of Plaintiffs' state law claims are preempted by the federal Food, Drug, and Cosmetic Act ("FDCA"). [Dkt. 153.] For the following reasons, we deny Defendant's Motion.

**II.     Legal Standard**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Our analysis of a Rule 12(c) Motion is "substantially identical to analysis under Rule 12(b)(6), because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks omitted). This means that, in examining a Rule 12(c) Motion, "[w]e must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez*, 683 F.3d at 1108 (internal quotation marks and alterations omitted). Under this standard, a "defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery." *Casiano v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 836659, at *2 (C.D. Cal. Feb. 28, 2011). A defendant can base a Rule 12(c) Motion on an affirmative defense if the "affirmative defense is obvious on the face of a complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). To determine if judgment on the pleadings is proper we consider the complaint in its entirety, materials incorporated into the complaint by reference, and matters of which we may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

**III.     Structure/Function Claims and Disease Claims**

As amended by the Dietary Supplement Health and Education Act ("DSHEA"), the FDCA "establish standards with respect to dietary supplements." *See* Pub. L. No. 103-417, 108 Stat. 4325 (1994). Specifically, it provides that a statement for a dietary supplement may be made if:

> (A) the statement claims a benefit related to a classical nutrient deficiency disease and discloses the prevalence of such disease in the United States, describes the role of a nutrient or dietary ingredient intended to affect the structure or function in humans, characterizes the documented mechanism by which a nutrient or dietary ingredient acts to maintain such structure or function, or describes general well-being from consumption of a nutrient or dietary ingredient, (B) the manufacturer of the dietary supplement has substantiation that such statement is truthful and not misleading, and (C) the statement

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

contains, prominently displayed and in boldface type, the following: "This statement has not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease.

21 U.S.C. § 343(r)(6)(A)-(C). Claims of this type are known as "structure/function" claims. *See* 21 C.F.R. § 101.93(f). "Such structure/function claims do not require FDA pre-approval," so long as they comply with the requirements listed above. *See Hughes v. Ester C Co.*, 99 F. Supp. 3d 278, 282 (E.D.N.Y. 2015).

The DSHEA also describes "disease claims," which are statements that "claim to diagnose, mitigate, treat, cure, or prevent a specific disease or class of diseases." *See* 21 U.S.C. § 343(r)(6); 21 C.F.R. § 101.93(g). Unlike structure/function claims, disease claims can only be placed on dietary supplements after obtaining prior approval from the FDA. *See* 21 U.S.C. § 343(r)(5)(D); *see also Gallagher v. Bayer AG*, 2015 WL 1056480, at *5 (N.D. Cal. Mar. 10, 2015) ("*Gallagher I*") (noting that disease claims are "subject to prior approval by the FDA").

**IV. Preemption**

Under the Supremacy Clause, "state laws that conflict with federal law are without effect." *McClellan v. I-Flow Corp.*, 776 F.3d 1035, 1039 (9th Cir. 2015) (internal quotation marks and citation omitted); *see also Lopez v. Wash. Mut. Bank, FA*, 302 F.3d 900, 906 (9th Cir. 2002) ("'Federal regulations have no less preemptive effect than federal statutes.'"). "Congress may preempt state law by so stating in express terms." *Bank of Am. v. City & Cty. of S.F.*, 309 F.3d 551, 558 (9th Cir. 2002). The FDCA, as amended by the Nutritional Labeling Education Act ("NLEA"), contains an express preemption provision that preempts state law claims that "would impose more or inconsistent burdens on manufacturers than the burdens imposed by the FDCA."[1] *Gallagher I*, 2015 WL 1056480, at *4. "The NLEA is clear, however, that if state law seeks to impose liability consistent with the FDCA, the law is not preempted." *Salazar v. Honest Tea, Inc.*, 74 F. Supp. 3d 1304, 1311 (E.D. Cal. 2014).

Defendant argues that this NLEA preemption provision preempts Plaintiffs' UCL and CLRA claims. Defendant first asserts that the Statement "Helps Maintain a Healthy Heart" is a structure/function claim under the FDCA. Plaintiffs agree with this assertion. (*See* Opp'n at 12.) Defendant further argues, however, that (1) Plaintiffs' state law claims characterize this structure/function Statement as a false disease claim, thereby preempting the state law claims; and (2)

---

[1] Specifically, the NLEA preempts any state law or claim that is inconsistent with "any requirement respecting any claim of the type described in section 343(r)(1) of this title, made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title, except a requirement respecting a claim made in the label or labeling of food which is exempt under section 343(r)(5)(B) of this title." 21 U.S.C. § 343-1(a)(5).

E-FILED
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

Plaintiffs also fail to sufficiently plead that the Statement is a false structure/function claim because the TAC's supporting studies only discuss vitamin E's effectiveness at preventing heart disease.

### A. Do Plaintiffs' State Law Claims Characterize the Statement as a Structure/Function Claim?

Defendant contends that Plaintiffs' state law claims apply a false disease claim characterization to the Statement, which the Parties agree is a structure/function claim. Such a characterization would effectively impart requirements onto the structure/function claim that are inconsistent with the FDCA's provisions. Accordingly, Plaintiffs' state law claims would be preempted under the NLEA's express preemption provision. *See Gallagher I*, 2015 WL 1056480, at *7 ("[P]laintiffs' claims based on the argument that 'supports heart health' is an impermissible disease claim are preempted . . . ."). Plaintiffs argue that their state law claims simply characterize the Statement as a false structure/function claim, not a false disease claim. So characterized, these state law claims would be consistent with the FDCA's requirements,[2] and therefore not preempted. *See id.* ("Not preempted would be a claim that 'supports heart health' as a structure/function claim is a false and misleading statement contrary to scientific studies.").

As Defendant points out, several portions of the TAC seem to characterize the Statement as a false disease claim. (*See* TAC ¶ 2 ("[L]arge scale randomized controlled clinical trials ('RCTs') have conclusively shown that Vitamin E supplements such as those sold by Defendant do not prevent [cardiovascular disease] and thus the consensus in the scientific community is that Vitamin E supplements do not provide any heart health benefits and most certainly do not 'help maintain a healthy heart.'").) Nevertheless, other portions of the TAC characterize the Statement as a false structure/function claim. (*See id.* ¶¶ 5 ("Large scale RCTs have demonstrated that Vitamin E supplements, like Pharmavite's Products, do not provide any cardiovascular or heart health benefits. Thus, the sole 'active' ingredient in the Products, Vitamin E, does not work as represented by Pharmavite in that it does not help maintain a healthy heart. Pharmavite's heart health representation is false, misleading, and reasonably likely to deceive the public."); 12 ("The Vitamin E 400 I.U. Plaintiff Bradach purchased did not and could not help maintain his heart health as represented because, as discussed herein, the vast weight of scientific evidence and the consensus in the scientific community is that Vitamin E supplements do not provide any heart health benefits.");[3] 16 ("Pharmavite's heart health representation is false, misleading and deceptive.").) Thus, as a whole and for purposes of this Motion for Judgment on the Pleadings, the TAC sets forth allegations that at least plausibly characterize the Statement as a false structure/function claim. Such claims are not preempted.

---

[2] The FDCA "already subjects all food claims, including structure/function claims on dietary supplements, to [a] 'truthful and non-misleading' standard." *See* 65 Fed. Reg. 100-01 at 1003.

[3] The TAC alleges similar claims for Plaintiff Corbett.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

**B.   Do Plaintiffs Sufficiently Plead that the Statement Is a False Structure/Function Claim?**

"[S]tructure/function claims cannot be proved false by pointing only to evidence of a product's ability to treat or prevent disease."  *Gallagher v. Bayer AG*, 2015 WL 4932292, at *4 (N.D. Cal. Aug. 18, 2015) ("*Gallagher II*").  Defendant argues that the scientific studies included in the TAC only show "that vitamin E does not prevent heart disease," which can only support a false disease claim theory and accordingly cannot support a false structure/function claim theory.  (*See* Reply at 11-12); *see also Gallagher II*, 2015 WL 4932292, at *4 (noting that, to sufficiently state a false structure/function claim, a plaintiff must "explicitly plead—with support to scientific evidence—that [the defendant's claims] are false as structure/function claims").

The TAC presents several scientific studies to support its claims.  While some of these studies appear to simply discuss vitamin E's effect on cardiovascular disease, others seem to suggest that vitamin E might actually harm the heart.  (*See, e.g.*, TAC ¶¶ 24 (citing the Lonn, et al. study, which concludes that "long-term Vitamin E supplementation does not prevent cardiovascular events, and in fact, may increase the risk for heart failure"); 25 (citing multiple meta-analyses that have concluded that "people who take a dosage of 15mgs or more of Vitamin E supplements are more likely to die than those taking a placebo"); 27 (citing the expert report of Dr. Miller, which indicates that there is "an increased risk of mortality associated with high dose vitamin E supplementation (>400 UI) reported in two-meta analyses of all trials combined").)  Studies showing that vitamin E harms the heart support the assertion that the structure/function Statement "Helps Maintain a Healthy Heart" is false.  A vitamin cannot logically help maintain a healthy heart if it actively damages the heart.  *See Gallagher II*, 2015 WL 4932292, at *5 (reasoning that studies that included "some indications that vitamin supplements actually harm heart health" were " inconsistent with [the defendant's] claim that its products support heart health").  Assuming the truth of these studies for the purposes of this Motion and drawing all inferences in Plaintiffs' favor, these studies "make it not only 'possible,' but 'plausible' that [vitamin E] do[es] not improve heart health more generally."  *Id.*  Thus, Plaintiffs have sufficiently stated a false structure/function claim at this stage.

**V.   Conclusion**

For purposes of this Motion, Plaintiffs have plausibly pled that Defendant's "Helps Maintain a Healthy Heart" Statement is a false structure/function claim.  Plaintiffs' state law claims are therefore not preempted by the FDCA, and Defendant's Motion for Judgment on the pleadings is **DENIED**.[4]

---

[4] Because the Parties' requests for judicial notice are unnecessary for our resolution of this Motion, these requests are **DENIED**.  *See Rizzo v. Ins. Co. of State of Pa.*, 969 F. Supp. 2d 1180, 1186 n.1 (C.D. Cal. 2013) ("The Court also declines to consider both parties' most recent requests for judicial notice as the documents submitted are unnecessary to the Court's analysis.").

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | December 22, 2015 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

  As discovery for both Plaintiff Bradach and Plaintiff Corbett is complete for purposes of class certification, we hereby **ORDER** the Parties to meet and confer, in accordance with Local Rule 7-3, regarding the class certification motion. Should Plaintiffs elect to file a class certification motion, they **SHALL** do so no later than **February 8, 2016**. Any class certification motion **SHALL** fully comply with the Federal Rules of Civil Procedure and the Local Rules. After ruling on the class certification motion, we will set a status conference to schedule additional proceedings.

  **IT IS SO ORDERED.**

-- :

Initials of Deputy Clerk  Bea