*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | August 25, 2016 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Plaintiff's Response to Order to Show Cause [Dkt. 203]

    On July 6, 2016, we issued an order denying class certification in this matter. [Dkt. 202.] We noted that Plaintiff Noah Bradach ("Bradach" or "Plaintiff") "appears to have asserted only preempted false disease claims" and accordingly ordered Bradach to show cause why his claims should not be dismissed as preempted. [*Id.*] Bradach timely responded on July 19, 2016. [Dkt. 203.] On August 2, 2016, Defendant Pharmavite LLC ("Pharmavite" or "Defendant") filed an opposition to Bradach's response. [Dkt. 209.]

    Ultimately, we conclude that Bradach's claims are preempted. As all Parties agree, "Helps Maintain a Healthy Heart" (the "Statement") is a structure/function claim. [*See* Dkt. 170 at 3.] As explained in our December 22, 2015 Order re: Pharmavite's Motion for Judgment on the Pleadings, this means that any legal claim based on a false disease characterization of the Statement—i.e., that the Statement is false because Pharmavite's vitamin E supplements do not prevent or cure heart disease—is preempted. Bradach testified that, when he purchased Pharmavite's supplements, he did so thinking that they would "help maintain [his] healthy heart." [Dkt. 190-1, Ex. 15 at 103:12-15.] Bradach explained that, to him, this phrase meant "preventing heart disease." [*Id.* at 104:18-25.] Thus, Bradach purchased Pharmavite's supplements thinking that they would prevent heart disease.

    This testimony reveals that Bradach has no standing to assert a legal claim based on a false structure/function claim characterization of the Statement. Were Bradach to proceed on such a theory, his injury would not be fairly traceable to the challenged action because his decision to buy the supplements was not influenced by the alleged wrongdoing—the purported falsity of the Statement with regards to the supplements' effect on the structure/function of his heart. Instead, Bradach only has standing to assert a legal claim based on a false disease claim characterization of the Statement—that the Statement is false because it does not prevent heart disease. Because Bradach purchased the supplements thinking that the Statement meant that the supplements would prevent heart disease, his injury is traceable only to such alleged wrongdoing. But, such legal claims are preempted. Thus, Bradach only has standing to bring a preempted claim and must be dismissed from this action.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | August 25, 2016 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

Plaintiff asserts that his claims are not preempted if "(1) Defendant's 'Helps Maintain a Healthy Heart' statement is a structure/function claim (as opposed to a disease claim), and (2) Plaintiff alleges that the [S]tatement is false or misleading." (OSC Response at 4.) Plaintiff is incorrect. It is not enough for Plaintiff to merely allege that the Statement is false or misleading. As explained above, the reasons why the Statement is false matter for determining whether a given claim is preempted. If Plaintiff asserts that the Statement is false because the supplements do not prevent heart disease, then such claims are preempted.

Plaintiff also alleges that "where a consumer challenges such claims under the UCL or CLRA, . . . the focus is on the 'actions of the defendants'—not on 'the subjective state of mind of class members.'" (*Id.* (quoting *Waller v. Hewlett-Packard Co.*, 295 F.R.D. 472, 480 (S.D. Cal. 2013).) Plaintiff claims that what Bradach "personally believed to be the manner in which Defendant's vitamin E supplements might help him maintain a healthy heart is not a fact required to prove his CLRA or UCL claim." (*Id.* at 6.) Were this a typical UCL and CLRA case, it may be true that Bradach's understanding of the Statement's meaning would not effect the validity of his claims. But, unlike the typical UCL and CLRA case, Bradach's case presents unique concerns regarding preemption. Claims based on certain theories are preempted, while claims based on other theories are not. Because of these preemption concerns, Bradach cannot simply assert that the Statement is false. He must assert that the Statement is false because the supplements do not maintain the structure/function of the heart. To the extent that Bradach argues that the Statement is false because the supplements do not prevent heart disease, his claims are preempted. Bradach's reasons for purchasing the supplements inform whether he has standing to assert non-preempted claims. Thus, unlike usual UCL and CLRA claims, Bradach's beliefs regarding the Statement's meaning are relevant to evaluating the viability of his claims.

Plaintiff argues that "[b]y going further than its determination that Plaintiff purchased Defendant's vitamin E supplements in reliance on the allegedly 'Helps Maintain a Healthy Heart' misrepresentation and considering Plaintiff's understanding of how Defendant's supplements work to help maintain a healthy heart, the Court has imposed a new burden upon CLRA and UCL plaintiffs," by "requiring that plaintiffs asserting such claims . . . be able to articulate how the product works or how the representation is false or misleading." (*Id.* at 14.) However, this purported "new burden" is merely a byproduct of the unique preemption concerns in this case. Because a false disease characterization of the statement is preempted, a Plaintiff's theory of recovery matters in determining whether the Plaintiff possess a cognizable claim. In other words, because of the preemption issue in this case, merely suffering injury as a result of the purported false Statement is not enough to state a claim for relief—the claim must also be based on a non-preempted theory. As explained above, Plaintiff's testimony reveals that he only has standing to proceed on a theory that is preempted.

The defect with Bradach's claims is not that he did not suffer an injury. As stated in our class certification order, Bradach has suffered an injury—he purchased a product he otherwise would not had

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | August 25, 2016 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

he known the purported truth of the Statement. Instead, the problem with Bradach's claims is that the injury he suffered is fairly traceable to a false disease claim theory of the Statement, which is preempted. Such preemption concerns did not exist in cases such as *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015), and *Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013). Thus, while it may be true, as Bradach contends, that his claims were "'conclusively' established when . . . he saw, relied, and purchased Defendant's supplements based upon Defendant's 'Helps Maintain a Healthy Heart' representation," (OSC Response at 7), such claims are preempted in light of his testimony as to why he purchased the supplements.

Plaintiff also argues that we impermissibly relied on Bradach's testimony to answer the "legal question of whether Plaintiff's claims are preempted." (*Id.* at 8.) "It is well-settled that a plaintiff need not have personal knowledge of the basis for his legal claims particularly when they involve complicated issues of what constitutes a structure/function claim versus a disease claim." (*Id.*) Plaintiff misunderstands our consideration of Bradach's testimony. We did not rely on Bradach's statements to determine whether he thought his legal claim to be based on a false structure/function theory or a false disease claim theory. Instead we considered Bradach's testimony to determine how he relied on the Statement, which in turn determined whether he has standing to bring non-preempted claims.

Bradach further asserts that whether the supplements improve the structure/function of the heart is assessed by, among other things, the absence of heart disease. According to Bradach, this means that "Plaintiff's consideration of this as a potential benefit of taking Defendant's vitamin E supplements does not transform his legal claims regarding Defendant's structure/function misrepresentation into a preempted legal claim regarding a disease misrepresentation." (*Id.* at 11-12.) But, even assuming that the absence or presence of heart disease can be used as evidence of whether the supplements improve the structure/function of the heart, this does not change the fact that Bradach did not interpret the Statement to mean that the supplements would improve the structure/function of his heart. Instead, Bradach believed the statement meant that the supplements would prevent heart disease. Thus, as mentioned, Bradach only has standing to proceed on a preempted theory that the Statement is false for false disease claim reasons.

Bradach next contends that "[t]he totality of Plaintiff's testimony shows that he understood [the Statement] to be a structure/function claim." (*Id.* at 13.) Bradach notes that, in response to what he understood the Statement to mean, he "explained that he understood [the] [S]tatement to mean just exactly what it said, that taking Defendant's vitamin E supplement would help him maintain his healthy heart." (*Id.* at 14.) "Given this testimony, it is not possible to conclude that Plaintiff only bought the supplement to treat heart disease that he did not even have." (*Id.*) Bradach's argument is unpersuasive. Though he may have testified that he thought the Statement meant that the supplements would help him maintain his healthy heart, he also testified that to him, this phrase meant "preventing heart disease." [Dkt. 190-1, Ex. 15 at 104:18-25 ("A [Bradach]: I believe—I believe that [the supplement] would—it

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3218-GHK (AGRx) | Date | August 25, 2016 |
|---|---|---|---|
| Title | *Noah Bradach, et al. v. Pharmavite LLC* | | |

would help maintain my healthy heart[.] . . . Q: And to that—[t]hat, to you, means preventing heart disease, right? A: It does.").][1]

Based on the foregoing, we conclude that Bradach's claims are preempted as a matter of law and accordingly **DISMISS** Bradach's individual claims **with prejudice**.

**IT IS SO ORDERED.**

: 

Initials of Deputy Clerk    PS

---

[1] Plaintiff also states that "even if the Court interprets Plaintiff's testimony as asserting a disease claim, the Court here, at most, should sever that part of Plaintiff's testimony and allow him to proceed on the testimony where he stated that he believed Defendant's supplements would help maintain the health of his heart—as this testimony clearly establishes his reliance upon Defendant's misrepresented structure/function claim." (OSC Response at 16.) This argument is meritless. To truncate Plaintiff's testimony in this fashion would deprive his testimony of context. These are not two independent statements that form independent bases for his claims. His second statement—that he believed "help maintain my healthy heart" to mean "preventing heart disease"—is merely an explanation of what he meant when he testified that he believed the supplements would help maintain his healthy heart. It would be inappropriate to divorce one statement from the other in this context.