*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-03218-GHK (AGRx) | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Bradach, et al., v. Pharmavite LLC* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, U.S. DISTRICT JUDGE** |
|---|---|

| Paul Songco | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **(In Chambers) Order re:** Defendant's Motion to Approve Costs (Doc. 221)

Defendant Pharmavite LLC ("Pharmavite") moves for costs against Noah Bradach and Laura Corbett ("Plaintiffs") pursuant to L.R. 54-3.12.[1]  We deem this matter appropriate for resolution without oral argument.  L.R. 7-15.  Accordingly, we rule as follows:

**I.    BACKGROUND**

Pharmavite manufactures and distributes various dietary supplements under the brand name "Nature Made."  Doc. 202 at 1.  The labeling for its vitamin E supplements bear the statement: "Helps Maintain a Healthy Heart" ("Healthy Heart Language").  *Id.*  Plaintiffs allegedly purchased Pharmavite's vitamin E supplements in reliance on the Healthy Heart Language, and later came to believe that this language was false.  *Id.*  They brought claims under California's Unfair Competition Law and California's Consumer Legal Remedies Act.  *Id.*

On March 2, 2016, Plaintiffs moved for class certification on these claims.  Doc. 181.  We denied the motion based on our conclusion that Bradach—the proposed class representative—lacked a viable claim.  Doc. 202.  We explained that the Nutrition Labeling and Education Act preempts state law with respect to labeling statements regarding disease prevention.  *Id.* at 4.  To maintain a non-preempted claim, Plaintiffs must show that the labeling made false statements about bodily structure or function.  *Id.*  Because Bradach testified that he interpreted the Healthy Heart Language to mean that Pharmavite's supplements would prevent heart disease, his claim was a false disease claim, and thus preempted.  *Id.*

We also held that Plaintiffs would not be able to obtain class certification by substituting another representative.  "Whether a given consumer has non-preempted false structure/function claims will depend on how the consumer interpreted "Helps Maintain a Healthy Heart" . . . .  As Bradach has offered no evidence that consumers uniformly interpret the statement in a particular manner, he has

---

[1] Revisions to the Local Civil Rules took effect on December 1, 2016.  As revised, the rule governing taxation of "other costs" was renumbered as L.R.54-3.12.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-03218-GHK (AGRx) | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Bradach, et al., v. Pharmavite LLC* | | |

failed to show that this interpretation would be common to the class." *Id.* at 6. After we denied the motion for class certification based on the deficiencies in Bradach's claim, Plaintiffs voluntarily dismissed Corbett's claims. Doc. 213. We entered final judgment on October 14, 2016. Doc. 217.

## II.     LEGAL STANDARD

L.R. 54-3.12 provides: "Upon order of the Court, the following items may be taxed as costs: (a) Summaries, computations, polls, surveys, statistical comparisons, maps, charts, diagrams, and other visual aids reasonably necessary to assist the jury or the Court in understanding the issues at the trial; (b) Photographs, if admitted in evidence or attached to documents necessarily filed and served upon the opposing party; and (c) The cost of models." "'The burden is on the prevailing party to establish the amount of compensable costs and expenses to which they are entitled.'" *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (quoting *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001); alterations incorporated).

## III.    ANALYSIS

### A.     Taxation of Costs

Pharmavite seeks to recover $84,862.00 for a consumer survey it conducted after Plaintiffs filed their complaint. Doc. 221. The first part of the survey was designed to determine the extent to which the Healthy Heart Language increased the likelihood of a consumer choosing Pharmavite's vitamin E supplements over those of its competitors. This part of the survey found that the Healthy Heart Language did not have a statistically significant impact on consumer's decisions; consumers chose Pharmavite's product at the same rate when the Healthy Heart Language was omitted from the label as when it was included. Doc. 221-6 at 23. The second survey asked consumers to report which factors influenced their purchase decision. Only 22% of respondents reported being influenced by statements on the label, and only 15% reported being influenced by the Healthy Heart Language. *Id.*

Pharmavite argues that the survey costs are taxable because the survey was reasonably necessary to assist the Court in understanding the issues in this case. Doc. 221-1 at 4. Pharmavite suggests that the survey helped inform our conclusion that the proposed class lacked commonality because "consumers [do not] uniformly interpret [the Healthy Heart Language] in a particular manner." Doc. 202 at 6. Plaintiffs argues that the survey costs should not be taxed because: (1) no trial occurred; (2) the survey was submitted in response to a non-dispositive motion; and (3) the Court did not cite the survey in denying Plaintiffs' motion for class certification. Doc. 227.

We agree that the survey was reasonably necessary to assist the Court or the jury in understanding the issues in this case. Under either the Unfair Competition Law or the Consumer Legal Remedies Act, a plaintiff must establish that the defendant's misrepresentation or omission was material —that is, that "a reasonable man would attach importance to the existence or nonexistence of [the] fact in determining his choice of action in the transaction in question." *In re NJOY, Inc. Consumer Class Action Litig.*, 120 F. Supp. 3d 1050, 1111 (C.D. Cal. 2015) (citation and quotation marks omitted;

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-03218-GHK (AGRx) | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Bradach, et al., v. Pharmavite LLC* | | |

alterations incorporated). Courts and juries often consider consumer surveys in deciding whether a given misrepresentation or omission was material. *See, e.g., id.* (denying summary judgment to e-cigarette manufacturer where consumer survey showed that statements about safety of e-cigarettes were material to consumers). Pharmavite's survey would have helped the Court or the jury decide whether the Healthy Heart Language was material if the case had proceeded to trial. The fact that Plaintiffs thought it necessary to prepare a rebuttal survey (Doc. 183-6) belies their argument that the survey was somehow unimportant at the time it was prepared.

We turn now to Plaintiffs' arguments. As to the first argument, the fact that no trial occurred does not deprive us of discretion to award survey costs. L.R. 54-3.12(a) allows us to order taxation for the cost of "surveys . . . reasonably necessary to assist the jury or the Court in understanding the issues at the trial." In determining whether costs were reasonably necessary for that purpose, we must consider "the facts known at the time the expense was incurred, without regard to intervening developments" that might have rendered the expenditure unnecessary. *Estate of Le Blanc v. City of Lindsay*, 2007 WL 2900515, at *2 (E.D. Cal. Sept. 28, 2007). Thus, the fact that the case was dismissed before trial does not bar us from taxing costs, as long as those costs appeared reasonably necessary to assist in a potential trial at the time the expenditure was made. *See Waters v. Casas*, 2012 U.S. Dist. LEXIS 190397 (C.D. Cal. July 9, 2012) (awarding costs pursuant to the "other costs" provision in a case resolved before trial); *cf. Kelley v. Sears, Roebuck & Co.*, 2004 WL 1824121, at *4 (D. Or. Aug. 10, 2004) ("the generally accepted view is that introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition").

As to Plaintiffs' second argument, we do not think it significant that the survey was first submitted in response to a motion for class certification, a non-dispositive motion. The survey would have informed the Court and the jury in deciding the merits issue of materiality if the case had gone to trial. We think that is enough to say that the survey was "reasonably necessary to assist the jury or the Court in understanding the issues at the trial." As to Plaintiffs' third argument, we do not think taxability turns on whether a particular survey was cited in the Court's opinion. *Cf. Kelley*, 2004 WL 1824121, at *4 (deposition costs can be taxed even if the deposition was not introduced at trial).

Exercising our discretion, we tax the costs of this survey against Plaintiffs. We hold that these costs were reasonably necessary to assist the jury or the Court in understanding the issues in this case. We also find that the costs were reasonable and proportionate to the needs of this case.[2]

 **B.** **Stay**

---

[2] Plaintiffs argue that the costs of the survey were unreasonably high, because their expert was able to prepare a rebuttal survey for $31,875.00. Doc. 227 at 5. But Pharmavite's expert conducted two separate surveys, covering 1,200 consumers in total; Plaintiffs' expert conducted a single survey including half as many people. Plaintiffs' expert also used the design developed by Pharmavite's expert, further confounding any direct comparison in the costs of the two surveys.

*E-Filed*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-03218-GHK (AGRx) | Date | December 21, 2016 |
|---|---|---|---|
| Title | *Bradach, et al., v. Pharmavite LLC* | | |

      In its opposition to Pharmavite's motion, Plaintiffs request that we stay the taxation of costs. Doc. 225 at 6–7. Plaintiffs do not explain why a stay is justified in light of the four factors we must consider in deciding whether to stay taxation of costs. *See Kilopass Tech. Inc. v. Sidense Corp.*, 2013 WL 843104, at *4 (N.D. Cal. Mar. 6, 2013) (the factors are: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'") (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). It is Plaintiffs' burden to show that they are entitled to a stay, and they have not carried it.

      Plaintiffs offer to post a supersedeas bond for 50% of the costs if a stay is entered. Fed. R. Civ. P. 62(d) provides that "the appellant may obtain a stay by supersedeas bond" if an appeal is taken. "A full bond generally is required under Rule 62(d) because the purpose of the bond 'is to secure the appellees from a loss resulting from the stay of execution.'" *Waine-Golston v. Time Warner Entm't-Advance/New House P'ship*, 2013 WL 5278636, at *2 (S.D. Cal. Sept. 18, 2013) (quoting *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n. 1 (9th Cir. 1987)). A party is entitled to a waiver or reduction in the bond requirement only in "extraordinary cases." *Id.* (citing *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979)). Plaintiffs do not explain why this is an extraordinary case. Accordingly, we deny Plaintiffs' request for a stay of taxation, and hold that they must post a full bond if they wish to obtain a Rule 62(d) stay.

**IV.    CONCLUSION**

      Pharmavite's Motion to Approve Costs (Doc. 221**)** is **GRANTED**. We tax $84,862 in costs against Plaintiffs Noah Bradach and Laura Corbett, jointly and severally. Plaintiffs' request for a stay is **DENIED**.

      **IT IS SO ORDERED.**

                                                                                                                        :

Initials of Deputy Clerk         PS